IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK D. GODFREY,  § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-07-2505 |
| § | |
| NATHANIEL QUARTERMAN, § | |
|     Director of the Texas Department § | |
|     of Criminal Justice - Correctional § | |
|     Institutions Division, § | |
|         Respondent. § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Godfrey's petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 7). The court recommends that Godfrey's petition be dismissed for lack of jurisdiction as an unauthorized successive petition.

Godfrey was convicted in 1998 of burglary of a habitation and sentenced to 50 years. Godfrey previously challenged this conviction in a federal habeas petition, Civil Action No. 02-cv-1628. The district court denied Godfrey relief, and the Fifth Circuit affirmed the district court's decision. *Godfrey v. Dretke*, 396 F.3d 618 (5th Cir. 2005).

Godfrey's current application also challenges his 1998 burglary conviction. A claim presented in a successive application under § 2254 that was presented in a prior application must be dismissed. 28 U.S.C. § 2244(b)(1). The Fifth Circuit denied Godfrey permission to file a successive application challenging his burglary conviction. *In re Mark D. Godfrey*, No. 07-20179, slip. op. (5th Cir. May 8, 2007) (per curiam).

Therefore, the court recommends that Godfrey's petition be dismissed with prejudice.

It is ordered that Godfrey's motion for appointment of counsel (Dkt. 3) and motion to proceed *in forma pauperis* (Dkt.4) are denied as moot.

The court further finds that Godfrey has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on September 21, 2007.

Stephen Wm Smith
United States Magistrate Judge